**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LESHAWN STRADFORD, | ) | CASE NO. 1:23 CV 591 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

### Introduction

*Pro se* plaintiff LeShawn Stradford has filed a civil complaint against Cuyahoga County and he moves to proceed *in forma pauperis*. (R. 1; R. 2.)  The complaint, however, consists of a single, unclear statement that plaintiff "was wrongfully imprison[ed] and was sentence[d]" in connection with a state criminal case.  (*Id.*)  The complaint does not set forth any further allegations or specific claims and does not request any specific form of relief.

### Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).  Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In addition, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations, or construct claims, on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Upon review, the Court finds that plaintiff's complaint must be dismissed.  The complaint fails to meet basic requirements and lacks allegations sufficient to state any plausible federal claim. The unclear and purely conclusory assertion in his pleading that he was wrongfully imprisoned and sentenced in connection with a criminal case in Cuyahoga County is insufficient.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, plaintiff's complaint would remain subject to dismissal under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) even if it could be so liberally construed to allege some federal claim in connection with a state criminal case.  *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.]

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.

Nothing in plaintiff's complaint suggests that his conviction or sentence in the state criminal case to which his complaint refers has been invalidated or called into question in any way as stated in *Heck*.  Accordingly, even to the extent plaintiff challenges the validity of his conviction or sentence in the case, any such claim is non-cognizable and subject to dismissal for failure to state a claim.  *See Hunt v. Michigan*, 482 F. App'x 20 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

## Conclusion

Based on the foregoing, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: October 24, 2023